# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:11 CR 05-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KEVIN ROBERT WAHNETAH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on May 17, 2011 by the United States Probation Office. In the violation report, the United States Probation Office alleges that defendant has violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared defendant was present with his counsel, Kris Williams, and the Government was present through Assistant United States Attorney, Tom Ascik, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on May 17, 2011. The Government introduced, without objection, the violation report into evidence.

The defendant was charged in a bill of indictment filed on February 2, 2011 with stealing firearms in violation of 18 U.S.C. § 924(1), being in possession of a firearm at a time when he was an unlawful user of or addicted to a controlled substance in violation of 18 U.S.C. § 922(g)(3), possessing stolen firearms in violation of 18 U.S.C. § 922(j) and using and carrying firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(2i). A hearing was held in regard to the detention of defendant on April 29, 2011. On that date, the undersigned entered an order releasing defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant must not violate any federal, state or local law while on release.

(8)(i) Defendant have no contact with anyone involved in unlawful use, possession or trafficking of drugs or any other unlawful conduct.

(8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On May 16, 2011, defendant was requested to submit to an urinalysis test by the United States Probation Officer. At that time, defendant told the probation officer he had taken a Percocet that he had obtained from a friend and he had used the

Percocet on Saturday, May 14, 2011. Defendant admitted he did not have a prescription for Percocet.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe defendant committed at least a state crime while subject to terms and conditions of pretrial release. The defendant possessed a Percocet for which he did not have a prescription and used that substance. This is a felony under state law. N.C.G.S. 90-95(a)(3). Due to the fact there is probable cause to believe defendant

3

committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that defendant violated the condition of release which ordered that he have no contact with anyone involved in unlawful, use, possession or trafficking of drugs or involved in any other unlawful conduct. Defendant obtained a controlled substance from a person who defendant described as a friend. Defendant did not have a prescription to obtain this drug and no evidence has been produced to show that the friend was a pharmacist or physician. The defendant has clearly violated the condition of release in that he had contact with a person, that being the friend, who was involved in the unlawful use, possession or trafficking of drugs.

There has further been shown by clear and convincing evidence that defendant violated the condition of release that ordered him to refrain from use or unlawful possession of a narcotic drug or other controlled substance unless it was prescribed by a licensed medical practitioner. Defendant admitted he did not have a prescription for Percocet which he obtained from his friend.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth in 18 USC § 3142(g), it

appears there is no condition or combination of conditions that would assure that defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon defendant's actions, it is unlikely defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** defendant be detained pending further proceedings in this matter.

Signed: May 24, 2011

Dennis L. Howell
United States Magistrate Judge